UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LINDSEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV02438 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion under Rule 60(b).  Upon review of the motion, the Court finds that it is a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and that it should be dismissed without further proceedings.  See 28 U.S.C. § 2255 Rule 4.

### Background

The Court takes judicial notice of its own records.  Movant was indicted on gun and drug charges on December 1, 2005.  United States v. Lindsey, 4:05CR682 ERW (E.D. Mo.).  On June 28, 2006, a jury found him guilty on all charges.  Movant filed a motion to vacate, set aside, or correct sentence on February 17, 2009.  And on November 30, 2010, the Court dismissed it after reviewing the merits.  The Eighth Circuit Court of Appeals declined movant's application for a certificate of appealability.

## Discussion

In his purported Rule 60(b) motion, movant claims that the Court incorrectly applied the Sentencing Guidelines, and he seeks, ultimately, to have his sentence vacated.

Movant's grounds for filing this action under Rule 60 rather than § 2255 are frivolous. "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).

> For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a [trial] court's judgment of conviction or as an attack on the federal court's previous resolution of the claim on the merits. "On the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to [federal postconviction relief]. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

Id. (citation and quotations omitted). The instant Rule 60(b) motion contains a claim because the factual predicate of movant's claim concerns the validity of movant's sentence and judgment. Thus, it is properly treated as a successive § 2255 motion.

This Court cannot review a successive § 2255 motion unless movant first receives permission from the Eighth Circuit Court of Appeals to file it. See 28 U.S.C. § 2255(h). In this case, there is no indication that movant has applied to file a successive motion in the appellate court. As a result, this action is dismissed.

Finally, the Court does not believe that jurists of reason would find it debatable whether the action is successive. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

So Ordered this 6th day of December, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE